# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JERMEL FRANKLIN,

          Petitioner,

    v.

DAVID ORTIZ,

          Respondent.

Civil Action No. 18-13713 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (ECF Nos. 1, 3, 4). For the reasons set forth below, the Court will dismiss the Petition without prejudice, for lack of jurisdiction.

## I.     BACKGROUND

The Court will construe the factual allegations in the Petition as true for the purpose of this Opinion. According to Petitioner, in 2003, he pleaded guilty to conspiracy to commit murder under 18 U.S.C. § 1959(a)(5). (*United States v. Franklin*, Crim. No. 99-1137, (E.D.N.Y.), ECF No. 263). Thereafter, the United States District Court for the Eastern District of New York sentenced Petitioner to, among other things, 87 months in prison, to run consecutively to a state sentence Petitioner was serving at the time. The remaining procedural history is unclear, but it appears that Petitioner has never filed a direct appeal or a motion under 28 U.S.C. § 2255.

On September 7, 2018, Petitioner filed his first petition arguing that his sentencing court erred "when it found that [his] conviction under 18 U.S.C. § 1959(a)(5) for conspiracy to commit murder in aid of racketeering was a 'crime of violence' that required it to increase [his] base offense" level at sentencing. (ECF No. 1, at 6). Thereafter, in May and July of 2019, Petitioner

filed two supplemental memorandums in support of his Petition.  In particular, Petitioner's July 3, 2019 filing, raises a claim pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019), arguing that his 18 U.S.C. § 1959(a)(5) conviction is no longer valid. (ECF No. 4).

Petitioner, however, did not pay the filing fee or submit a complete application to proceed *in forma pauperis*, until he paid the filing fee on March 2, 2020.  At which point, the Court reopened this matter.  The Court will construe Petitioner's initial filing and two supplemental memorandums as one amended § 2241 Petition ("Petition"). (ECF Nos. 1, 3, 4).

## II.     STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III.     DISCUSSION

Petitioner challenges his conviction and sentence under 28 U.S.C. § 2241.  Generally, however, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255.  *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).  This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective."  *See* 28 U.S.C. § 2255(e).  Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over the Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change

3

in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

With those principles in mind, the Court will construe Petitioner's claims as: (1) that his sentencing court improperly increased his base offense level at sentencing; (2) that that court deprived him of his right to allocution; and (3) that his conviction is no longer valid in light of *United States v. Davis*, 139 S. Ct. 2319 (2019).

To the extent Petitioner claims that his sentencing court improperly increased his base offense level under the sentencing guidelines, such claims do not fall within the *Dorsainvil* exception. On this claim, Petitioner does not allege that he is "actually innocent" as a result of a retroactive change in substantive law that negates the criminality of his conduct. Rather, Petitioner claims that his "conviction under 18 U.S.C. § 1959(a)(5) for conspiracy to commit murder in aid of racketeering" was not a "crime of violence" that required the Court "to increase [his] base offense level" under the guidelines, U.S.S.G. § 2K2.1. (ECF No. 1, at 6).

Petitioner relies on *United States v. McCollum*, 885 F.3d 300, 309 (4th Cir. 2018), in which the Fourth Circuit held that a conspiracy to commit murder conviction under § 1959(a)(5), "cannot support [an] enhanced sentence" under U.S.S.G. § 2K2.1, "because it is not categorically a crime of violence." *McCollum*, 885 F.3d at 303, 309.

Such an argument does not fall within the *Dorsainvil* exception,[1] because it argues that Petitioner is actually innocent *of a sentencing enhancement* as opposed to being actually innocent of the crime for which he was convicted. *See, e.g.*, *United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012); *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) ("Selby does not argue that

---

[1] Notably, *McCollum* involved a direct appeal rather than a petition under § 2241. *See McCollum*, 885 F.3d 300, 309.

4

he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Maher v. Fed. Bureau of Prisons*, No. 18-2348, 2018 WL 2095594, at *2 (D.N.J. May 7, 2018) (citing cases).

As to Petitioner's claim that he was deprived of the right to allocution at sentencing, his claim fails because § 2255 is not "inadequate or ineffective" to raise such claims. Prisoners may challenge deprivations of their right to allocution with motions under § 2255. *See, e.g.*, *United States v. Hammer*, 564 F.3d 628, 632 (3d Cir. 2009) (citing *Andrews v. United States*, 373 U.S. 334 (1963)).

Similarly, this Court lacks jurisdiction to consider Petitioner's *Davis* claim because § 2255 is not "inadequate or ineffective" to raise *Davis* claims. In *Davis*, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)(3)(B), defining a "crime of violence," was unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

A number of Circuit Courts of Appeal, including the Third Circuit, have held or implicitly held that *Davis* claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[2] *See United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019); *United States v. Bowen*, 936 F.3d 1091, 1098 (10th Cir. 2019); *In re Matthews*, 934 F.3d 296 (3d Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th

---

[2] Although the Second Circuit does not appear to have ruled on the issue, some courts within that Circuit have considered the issue and arrived at different conclusions. *Compare Bonilla v. United States*, No. 07-0097, 2020 WL 489573, at *3 (E.D.N.Y. Jan. 29, 2020) (quoting *Hammoud*, 931 F.3d at 1039) (concluding "that *Davis* has been 'made' retroactively applicable to criminal cases that became final before *Davis* was announced."), *with McPherson v. United States*, No. 19-11036, 2020 WL 2765914, at *5 (S.D.N.Y. May 28, 2020).

Cir. 2019).   Accordingly, those Courts have authorized numerous petitioners to pursue *Davis* claims in second or successive § 2255 motions. *Matthews*, 934 F.3d at 298 n.2.

Additionally, Petitioner does not appear to have ever filed a § 2255 motion.  As a result, if he were to file such a motion, it may be timely under § 2255(f)(3), which allows him to file within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Consequently, because Petitioner could have pursued a *Davis* claim through a § 2255 motion, this Court lacks jurisdiction to consider such a claim under § 2241. *Cradle*, 290 F.3d at 539.  In other words, the proper vehicle for a *Davis* claim is a motion under § 2255, with one's sentencing court. *See Reece*, 938 F.3d at 635.

Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  The Court finds that it is not in the interest of justice to transfer this matter to Petitioner's sentencing court.

 Petitioner's allocution and sentencing guidelines claims regarding his 2003 conviction would be untimely. 28 U.S.C. § 2255(f).  Moreover, even assuming that Petitioner's sentencing guidelines argument under *McCollum* is correct, *McCollum* is not a Supreme Court case.  As a result, it would not have provided Petitioner with an additional year to file his first § 2255 motion. 28 U.S.C. § 2255(f)(3).   That said, Petitioner erroneously contends that *McCollum* was an "intervening change in substantive law" in this case. (ECF No. 3, at 3).  Petitioner's sentencing court is within the *Second* Circuit, and "*McCollum* . . . as a decision of the Fourth Circuit,  . . . constitute[s] merely persuasive authority." *See Mayes v. United States*, No. 12-0385, 2019 WL 2912758, at *3 (E.D.N.Y. July 8, 2019).

Finally, the Court finds that it is not in the interest of justice to transfer Petitioner's *Davis* claim, because it does not appear that *Davis* applies in this case. *Davis* held that the residual clause under § 924(c)(3)(B), was unconstitutional. Petitioner was initially charged under § 924(c) but was never convicted under § 924(c). Petitioner pleaded guilty *only* to conspiracy to commit murder under 18 U.S.C. § 1959(a)(5). (*Franklin*, Crim. No. 99-1137, (E.D.N.Y.), ECF No. 263).

Furthermore, assuming *arguendo*, that *Davis* invalidated the "crime of violence" language in § 1959(a)*(4)*, Petitioner was convicted under § 1959(a)*(5)*, which does not contain such language. *Cf. United States v. Brown*, No. 90-113, 2019 WL 3538948, at *3 (E.D. Va. Aug. 2, 2019), *appeal dismissed*, 794 F. App'x 343 (4th Cir. 2020). Petitioner was convicted of "conspiring to commit murder," an enumerated offense under § 1959(a)(5), "not an unspecified crime of violence." (*Franklin*, Crim. No. 99-1137, (E.D.N.Y.), ECF No. 263); *cf. Brown*, 2019 WL 3538948, at *3. Consequently, even under Petitioner's theory, *Davis* does not apply in this case.

Accordingly, the Court declines to transfer the Petition. However, this Court's decision does not prevent Petitioner from filing a § 2255 motion on his own, with his sentencing court, the United States District Court for the Eastern District of New York.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition without prejudice, for lack of jurisdiction. An appropriate Order follows.

DATED: July 1, 2020                                     s/Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge